# CIRCUIT COURT OF ARLINGTON COUNTY

In re Grievance of
Frandrico L. Williams

August 5, 2003

Case No. CM 03-266

BY JUDGE PAUL F. SHERIDAN

Frandrico L. Williams has appealed the County Manager's decision that an 80 hour suspension imposed upon him by the Arlington County Police is non-grievable.

*Facts*

Williams, a twelve-year veteran of the Arlington County Police, was involved in an incident that occurred between himself and a superior on March 3, 2003, as a result of which Williams decided to resign from the police force. In a March 25, 2003, memorandum to then acting Police Chief Stephen L. Holl, Williams resigned, giving his effective date of resignation as April 5, 2003. On April 3, 2003, Williams received a letter of disciplinary action stating that, as a result of the incident that precipitated his resignation, he would be given an 80 hour suspension. The effect of this action was to significantly diminish the amount of accrued leave that he would be able to cash in on leaving the police force, with a total cost to Williams in excess of $2,000.00. Williams immediately attempted to grieve that decision, submitting the required grievance/appeal form on April 3, 2003. By letter dated April 15, 2003, the County Manager's Office informed Williams that, due to his resignation, the grievance process was no longer available to him and that therefore the disciplinary action taken against him was non-grievable. Williams timely appealed that non-grievability decision to this Court.

*Discussion*

The issue before the Court is whether the grievance procedure normally available to County Police Officers is foreclosed in this instance as a result of Williams' resignation becoming effective shortly after he filed his grievance and before it was heard. The County Manager concluded that Williams' suspension was non-grievable because the grievance process is only available to full time employees and that Williams had resigned.[1] The County Manager relied for this proposition on Arlington County Administrative Regulation 2.7, Rule 13, § 2.5, which provides "all non-probationary permanent full-time and part-time County employees in the competitive service and employees of the Community Services Board and the local welfare board are eligible to file grievances. . . ." See also Arlington County Police Department procedure 511.03(III)(D) ("All permanent employees in the Police Department are eligible to file grievances. . . .").

The Virginia Law-Enforcement Officers Procedural Guarantee Act, embodied in Va. Code Ann. § 9.1-500, et seq., requires, *inter alia*, that "[t]he law enforcement officer shall be given written notification of his right to initiate a grievance under the grievance procedure established by the local governing body." Va. Code § 9.1-502(A)(4) (2003). This section indicates not only that notice of the right to grieve must be provided, but also acknowledges that County employees possess a right to grieve.

Williams submitted his resignation to the Police Department by interdepartmental memorandum dated March 25, 2003. The effective date of his resignation was April 5, 2003. At the time Williams submitted his resignation, he had not been informed that he was to receive a disciplinary sanction. The Police Department, aware that Williams had already submitted a voluntarily resignation, waited until Thursday, April 3, 2003, two days before Williams' effective date of resignation, to inform him that he would be subjected to a suspension that would effectively cost him in excess of $2,000.00. If the County Manager's ruling of non-grievability is allowed to stand under these facts, it will effectively allow the Police Department to

---

[1] "[A]access to the grievance procedure is provided only to permanent County employees. . . You voluntarily resigned from your permanent position as a Police Officer effective April 5, 2003. Because you are no longer a permanent County employee . . . you do not have access to the grievance procedure and, therefore, your grievance is ruled non-grievable." (April 15, 2003, letter from Joyce A. Wilson, Deputy County Manager, to Frandrico Williams.)

deprive Williams, and others like him, of their "right to initiate a grievance," by simply waiting to award sanctions until mere hours before an individual's resignation is to take effect. While perhaps Williams could have revoked his resignation, the fact remains that the Department was aware that Williams' employment was already scheduled to terminate on April 5, 2003, when on April 3rd it informed him of his suspension. It is notable that Williams attempted to secure his right to grieve the suspension by immediately filing the necessary grievance form on April 3, 2003, the same day that he received his letter of disciplinary action, and while he was still a full time County employee.

For the foregoing reasons, the Court concludes that the mere fact that Williams' previously filed resignation became effective after his grievance was filed, but before action was taken on it, did not foreclose his access to the grievance process. The County's actions, in waiting until the eleventh hour to inform Williams of his suspension, were inherently unfair and denied him a timely chance for meaningful consideration through the grievance process. Under the facts of this case, and specifically taking into account the manner in which Williams was notified of his suspension, the Court finds that by filing his grievance on April 3, 2003, Williams secured his right to grieve the 80 hour suspension.

The County Attorney is directed to prepare an order remanding the grievance to the County so that it may proceed according to Arlington County Regulations.